Kinsey C. J.
delivered the opinion of the court, upon this and other reasons assigned for a new trial; he went into a very elaborate and learned investigation of the general law, on the subject of parol and written evidence. As far as respected the particular case in question, he observed that the parol evidence did not vary, add to, or restrain the assignment, as to the subject matter of it, the chose in action, the security, nor in any respect control the words of it. It went merely to restrain the operation of the general rule of law, which was no part of the contract between the parties, vid: 2 Wash. 219, lb. 233, 255. This cannot affect purchasers, for if the first assignee should assign it to another, I agree, that this other would not be bound by the parol agreement, unless a disclosure of it was made to him previously to the assignment; so that no bad consequences can attend the doctrine: as to the case in Salkeld, I admit it is dubiously reported. I do not rely on it.
Note. — On a general assignment of a bond or bill, the law is, that the assignor is not liable over to assignee in default of recovery. See 1 Penn, reports of cases in Supreme Court of N. Jersey 20. Ib. 211, 12. See Washington’s argument 2. Washington’s Rep. 219.
Smith J. and Chet wood J. agreed that the verdict was right.
It was contended by the counsel for the defendant, that admitting the evidence to have been improper, yet the verdict was right upon the whole case independent of it, and if so no new trial should be granted, to which the court agreed. The cases cited on this point were. Heylin et al v. Adamson, (a) Chamberlyn v. Delarive. (b)
On the general law relating to parol evidence, the Chief Justice cited 1 Eq. ca. 230. Pow, on Const. 432. Joynes v. Statham (c) Preston v. Merceau (d) Doe ex-dem. Freeland v. Burt (e) Fitz Gib. 213.
Rule discharged.

 2 Burr. 669.

 2 Wils. 353.

 3 Aik. 388.

 2 Blac. rep. 1249.

 1 Term rep. 701.